IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIELLE GRUPPO,** | : CIVIL ACTION |
| Plaintiff, | : |
| | : No. |
| v. | : |
| | : |
| | : |
| **OLYMPUS CORPORATION OF** | : |
| **AMERICAS, INC.** | : |
| Defendant. | : JURY TRIAL DEMANDED |

### COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Danielle Gruppo (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Olympus Corporation of Americas, Inc. (hereinafter "Olympus"), who has been harmed by discrimination on the basis of disability, failure to accommodate a disability and retaliation for making a request for reasonable accommodation, as well as other improper conduct by Olympus and its agents, servants, and representatives.

This action is brought under the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA).

### II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on the Americans with Disabilities Act, 42 U.S.C. §12102, *et seq.* and the Pennsylvania Human Relations Act (PHRA).

1

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Lehigh County, Pennsylvania.

3. All conditions precedent to the institution of this suit have been fulfilled. As to the Federal ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required. On June 28, 2024, Plaintiff filed a Charge of Discrimination with the EEOC against Olympus, alleging, *inter alia* disability-based employment discrimination, failure to accommodate and retaliatory termination. On November 17, 2025, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission.

4. This action has been filed within ninety (90) days of receipt of said Notice.

5. More than one year has elapsed since the Charge was cross-filed with the Pennsylvania Human Relations Commission.

### III. **PARTIES**

6. Plaintiff, Danielle Gruppo, is an adult female citizen and a citizen and resident of the Commonwealth of Pennsylvania.

7. Olympus Corporation of Americas, Inc. is a medical technology company that develops testing and treatment alternatives and related services to physician offices, hospitals, long-term care facilities, employers and industrial accounts.

8. At all times relevant herein, Plaintiff was an "employee" as defined by the ADA and the Pennsylvania Human Relations Act (PHRA), and is protected by the provisions of the Acts.

9. At all times relevant herein, Olympus was an "employer" as defined by the

2

ADA and the PHRA, and is subject to the provisions of the Acts.

10. At all times relevant hereto, Olympus acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

11. At all times material hereto, Olympus employed more than fifteen employees.

## IV. CAUSES OF ACTION

12. Plaintiff is a qualified person with a disability who is protected from disability-based discrimination and retaliation under the ADA and PHRA.

13. On August 29, 2022, Olympus hired Plaintiff in the position of Director, DEI & HR Compliance for domestic operations, with a start date of September 26, 2022.

14. In this role, Plaintiff reported to Stacey Morey, Vice President of Human Resource's domestic group.

15. Plaintiff is a qualified person with one or more serious medical conditions that substantially limit one or more major life activities, including but not limited to processing nutrients and other food constituents, placing her at increased risk of eye disease, circulatory restrictions, heart disease, gum disease, kidney disease, and neuropathy.

16. In addition, Plaintiff has a history of a serious medical condition whose long term effects substantially limit one or more major life activities, including but not limited to breathing, fatigue, memory lapses and brain fog, concentrating and thinking.

17. Furthermore, Plaintiff has one or more serious mental health conditions

that substantially limit one or more major life activities, including but not limited to thinking, concentrating and working.

18. Finally, Plaintiff has or has a record of a serious medical condition which is defined as an ADA covered disability as a matter of law, and which substantially limits one or more major life activities including but not limited to concentrating, maintaining workflow, handling stress, fatigue and working.

19. After Plaintiff was hired, she learned that the resources that were promised to her and are consistent with a Director level position were actually not available, and that she was almost exclusively responsible for performing all tasks related to her department.

20. In June 2023, Plaintiff was confronted by Morey concerning the speed at which Plaintiff's deliverables were being completed.

21. At that time, Plaintiff informed Morey of the effects of her medical conditions, and requested additional time as a reasonable accommodation.

22. Plaintiff thereafter performed all of the duties of her position without criticism.

23. Although Plaintiff performed these duties, she determined that she required additional reasonable accommodation in August 2023 through counsel.

24. Specifically, Plaintiff requested

   a. Flexibility for doctors' appointments;

   b. A reasonable limitation on hours worked consistent with her conditions;

   c. Need for breaks, as needed, for incidents of fatigue, taking of insulin, food, etc.

  d. Need for privacy and time to take medication;

  e. Breaks as needed briefly to refocus should concentration become an issue;

  f. Need to arrive at procedures for job review fairness and clarity, need for budgeting, assistance and staffing fair and appropriate for the volume of duties and tasks assigned and clear identification of priorities, tasks and expectations to avoid improper criticisms and retaliation;

  g. Request for intermittent leave and shift adjustments under both ADA/FMLA and request for commencement of the appropriate forms and meetings for same.

  25. As of August 2023, Olympus had not considered any reduction in force or restructuring that would have affected Plaintiff.

  26. Between August 2023 and April 12, 2024, Defendant's representatives and Plaintiff's counsel engaged in an interactive process designed to arrive at a reasonable accommodation.

  27. By September 15, 2023, Plaintiff's job duties had actually increased because of the failure of Defendant to fill the open position of DEI Manager and the hiring of a HR Compliance Manager who was minimally qualified for the position but required extensive supervision and training. This required Plaintiff to perform many of the compliance functions herself.

  28. On or about January 5, 2024 Morey advised Plaintiff that Defendant was not going to backfill the position of Manager DEI in FY24 or FY25.

  29. This permanently left Plaintiff with the duties of the DEI Manager position as well as those of her own position as Director.

  30. Morey also advised Plaintiff that she was assigning two employees to work with Plaintiff on a shared basis.

5

31. In or about January 2024, Olympus began the process of identifying and hiring a "Global Director - Diversity, Equity & Inclusion" which did not require any specific working location and could be performed at Plaintiff's Center Valley location.

32. Significantly, the internal posting for this position was only posted for Olympus Corporation of America candidates.

33. This position which was substantially identical to Plaintiff's position.

34. Because Plaintiff was the incumbent in this position in the United States, and based upon her education, training and experience, she was the most qualified person for this position.

35. Plaintiff was not notified of this open position, and in fact did not learn of it until she learned that this position had been temporarily filled on or about February 22, 2024, and permanently filled as of April 1, 2024.

36. Because Olympus hired a replacement, the Plaintiff believes and therefore avers that as of on or about March 21, 2024, Olympus had not considered any reduction in force or restructuring that would have affected Plaintiff.

37. On or about April 2, 2024, Olympus gave Plaintiff notice that her employment would be terminated effective April 12, 2024.

38. The stated reason was a false and pretextual assertion of a reduction in force.

39. Plaintiff was the only person affected by the alleged "reduction in force."

40. Subsequently, Olympus changed its explanation to an assertion that Plaintiff was terminated for unspecified "budgetary reasons."

41. Both of these allegations are falsified by the fact that the substantially similar Global Director position was filled and continues to exist.

42. After Plaintiff filed her Charge with the EEOC, Olympus again changed its explanation for the termination of Plaintiff's employment to "performance issues."

43. The latter explanation is false and pretextual since Plaintiff had no history of performance issues other than as previously discussed.

44. This "performance" explanation is further refuted *inter alia* by Ms Morey's praise of Plaintiff throughout her employment, in which she said

- "I wanted to take this opportunity to thank you for all your efforts in FY23 to further our global and HR missions and strategies. I'm looking forward to another great year in FY 24."

- The last six months have proven to be very busy for Danielle in terms of onboarding and building/filling her team while at the same time achieving all of her FY23 goals. Very well done. It was a tough start given some gaps in the smaller team and team member difficulties, but Danielle has shown great perseverance, resilience and leadership in the face of difficulties. Also layered on to this was the acceleration of the global strategy planning and many requests from the global team placed on Danielle in her team.

- That Plaintiff "knocked out of the park" what was "a lot for the first 6 months".

- FY24 mid-Year reflection comments include, "It has been a very busy first half of the year in DEI and HR Compliance. Significant accomplishments for this period have been established, planning and executing the Ex. DEI Council meetings and in parallel establishing and gaining approval of the five year DEI strategic plan and DEI data analytics with support from People Analytics."

45. Even after the termination of Plaintiff's employment, Defendant's representatives continued to contact Plaintiff and her counsel to continue to discuss reasonable accommodations.

46. Olympus was responsible and liable for the conduct of its principals,

7

employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

47. As a direct result of the actions of Olympus's supervisory employees, Plaintiff was deprived of her employment with Olympus.

48. As a direct result of Olympus's conduct, Plaintiff has been irrevocably damaged.

49. As a direct result of Olympus's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

50. As a direct result of Olympus's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

### COUNT I
### PLAINTIFF v. OLYMPUS
### VIOLATION OF THE ADA

51. Paragraphs 1 through 50 inclusive, are incorporated by reference as if fully set forth at length herein.

52. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to denying or withdrawing of a reasonable accommodation for her disabling condition, failing to engage in an interactive process with regard to a reasonable accommodation, and terminating her employment because of her disability and/or to avoid its obligation to provide a reasonable accommodation.

53. As a direct result of Defendants' willful and unlawful actions in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional

distress, loss of earnings, loss of stock options, loss of future earning power, back pay, front pay, and interest due thereon.

## COUNT II
## PLAINTIFF v. OLYMPUS
## VIOLATION OF THE ADA - RETALIATION

54. Paragraphs 1 through 53 inclusive, are incorporated by reference as if fully set forth at length herein.

55. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to terminating her employment in retaliation for making requests for reasonable accommodation.

56. As a direct result of Defendants' willful and unlawful actions in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, loss of stock options, loss of future earning power, back pay, front pay, and interest due thereon.

## COUNT III
## PLAINTIFF v. OLYMPUS
## VIOLATION OF THE PHRA
## DISCRIMINATION, RETALIATION AND FAILURE TO ACCOMODATE

57. Paragraphs 1 through 56 inclusive, are incorporated by reference as if fully set forth at length herein.

58. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to denying or withdrawing of a reasonable accommodation for her disabling condition, failing to engage in an interactive process with regard to a reasonable accommodation, and terminating her employment because of her disability and/or to avoid its obligation to provide a reasonable accommodation and/or in

9

retaliation for her protected conduct of requesting a reasonable accommodation.

59. As a direct result of Defendants' willful and unlawful actions in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, loss of stock options, loss of future earning power, back pay, front pay, and interest due thereon.

## V. **PRAYER FOR RELIEF**

60. Paragraphs 1 through 59 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over her claims;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Olympus's discriminatory and unlawful conduct;

d. Reinstate Plaintiff to her former position together with back pay and

      compensatory damages;

   e. Award punitive and/or liquidated damages as may be permitted under law;

   f. Award Plaintiff attorneys' fees and costs; and

   g. Grant such other relief, as the Court deems just and equitable.

## VI.  JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

                HAHALIS & KOUNOUPIS, P.C.

                By:/s/ *David L. Deratzian*
                   DAVID L. DERATZIAN, ESQUIRE
                   20 East Broad Street
                   Bethlehem, PA  18018
                   (610) 865-2608
                   Attorneys for Plaintiff

Date:  February 6, 2026